UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODOLFO VELAZQUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 06-5284RJB

**ORDER GRANTING PETITIONER'S REVISED MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Petitioner's Revised Motion for Appointment of Counsel. Dkt. 3. The Court has considered the pleadings filed in support of the motions and the file herein. No pleadings were filed in opposition to the motion.

## **FACTUAL AND PROCEDURAL HISTORY**

On September 19, 2002, Petitioner Rodolfo Velazquez, a/k/a Javier Alonso Angulo Monzon, was the passenger in a car stopped by law enforcement in the Chehalis/Centralia area of Washington State. Methamphetamine, weighing a total of 705.6 grams, was found in the airbag compartment of the car's dash. The search of the car and Petitioner's arrest were part of an investigation by the United States Drug Enforcement Agency into the activities of the "Munoz-Munoz Organization," a large-scale methamphetamine distributor within Western Washington.

On May 8, 2003, following a trial by jury, Petitioner was found guilty of one count of conspiracy to distribute and one count of possession with intent to distribute methamphetamine. On December 12, 2003, Petitioner was sentenced to 240 months in prison followed by five years of supervised release. On December 15, 2003, Petitioner filed a timely notice of appeal. The

ORDER - 1

Ninth Circuit affirmed Petitioner's convictions, but remanded his cases for resentencing in light of the United States Supreme Court's *Booker* decision, which held that federal sentencing guidelines are advisory. On December 9, 2005, Petitioner was resentenced to 240 months in federal prison. He is currently in custody at the Federal Correctional Institute in Victorville, California.

On April 7, 2003, the day before Petitioner's trial began, Sergio Munoz Munoz–believed to be a leader of the Munoz-Munoz Organization–entered into a plea agreement to one count of conspiracy to distribute methamphetamine. He was later sentenced to 230 months in prison. Since that time, Sergio Munoz Munoz has written and signed a declaration stating that Petitioner is innocent of conspiracy to distribute methamphetamine. Dkt. 1(2) at 1-9. Sergio Munoz Munoz also stated that he was willing to testify at Petitioner's trial, but was counseled not to testify by his (Sergio Munoz Munoz's) attorney. Dkt. 1(2) at 2.

On May 24, 2006, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255. Dkt. 1. In his brief, Petitioner contends that (1) Sergio Munoz Munoz's declaration constitutes newly discovered evidence demonstrating that Petitioner's conviction was a fundamental miscarriage of justice, and (2) Petitioner's counsel's failure to investigate this issue and call Sergio Munoz Munoz as a witness at trial constitutes ineffective assistance of counsel. Dkt. 1(1) at 6-7. On June 19, 2006, the Court issued an Order appointing Jeffrey E. Ellis as counsel in this proceeding on a *pro bono* basis, and granted Petitioner's motion to amend his habeas petition no later that August 19, 2006. Dkt. 2.

## REVISED MOTION FOR APPOINTMENT OF COUNSEL

In the revised motion before the Court, Jeffrey E. Ellis states that he was unclear in his previous motion for appointment of counsel. Mr. Ellis was not seeking to be appointed counsel on a *pro bono* basis, but rather as counsel paid by public funds pursuant to the terms and guidelines in the Criminal Justice Act (18 U.S.C. § 3006A(a)(2)(B)).

In habeas proceedings brought under 28 U.S.C. § 2255, the court considers whether counsel should be appointed under 18 U.S.C. § 3006A(a)(2)(B). A financially eligible "habeas petitioner may obtain representation whenever a magistrate or the district court determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990)

ORDER - 2

1  (quoting section 3006A(a)(2)(B)), *cert. denied*, 111 S. Ct. 1631 (1991).  "In deciding whether to
2  appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success
3  on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the
4  complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

5      A review of the record indicates that Petitioner's case is fairly complex in nature, and that
6  the interests of justice require the appointment of counsel in this case.  Petitioner contends that he
7  did not receive effective assistance of counsel, and asserts that newly discovered evidence proves
8  his innocence.  Moreover, Petitioner's appointed counsel, Jeffrey E. Ellis, wishes to investigate the
9  matter further and submit an amended petition on August 19, 2006.  Under the circumstances, the
10 Court finds that appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §
11 3006A(a)(2)(B), is warranted in this case.

12 **ORDER**

13     Therefore, it is hereby

14     **ORDERED** that Petitioner's Revised Motion for Appointment of Counsel (Dkt. 3) is
15 **GRANTED**.

16     The clerk is directed to send uncertified copies of this Order to all counsel of record and to
17 any party appearing *pro se* at said party's last known address.

18     DATED this 3rd day of August, 2006.

                                      Robert J. Bryan
                                      United States District Judge

ORDER - 3