1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODOLFO VELAZQUEZ, aka Javier Alonso
Angulo Monzon,

                    Petitioner,

            v.

UNITED STATES OF AMERICA,

                    Respondent.

Case No.  C06-5284RJB
                CR02-5823RJB


ORDER GRANTING
EVIDENTIARY HEARING

        This matter comes before the court on petitioner's motion for an evidentiary hearing.  Dkt. 6. The

court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL HISTORY

        On May 8, 2003, following a jury trial, petitioner was convicted in the United States District Court

for the Western District of Washington of one count of conspiracy to distribute methamphetamine and one

count of possession with intent to distribute methamphetamine.  On December 1, 2003, the court

sentenced petitioner for both of the drug crimes at issue, and a related case in which he had entered a guilty

plea to an indictment for illegally reentering the United States following deportation.  Petitioner was

sentenced to a 240 month term of imprisonment on the drug charges and a concurrent 27 month term of

imprisonment on the immigration charge.  On December 9, 2005, following remand on his direct appeal,

the court resentenced petitioner to the same term of imprisonment, but eliminated a special condition of his

ORDER
Page - 1

1   supervised release ordering him to abstaining from the use of alcohol.

2       Petitioner has now filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C.

3   § 2255.  Dkt. 1.

4                                                CLAIMS

5       Petitioner raises the following claims in his petition:

6       Claim 1: Newly Discovered Evidence Demonstrates the [sic] Velazquez's Conviction was a
        Fundamental Miscarriage of Justice.

7

8       Claim 2: Trial Counsel's Failure to Investigate the Availability and Call Sergio Munoz Munoz as a
        Witness Constituted Ineffective Assistance of Counsel.

9   Dkt. 1.

10                                          LEGAL STANDARD

11      A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who

12  claims the right to be released on the ground that the sentence was imposed in violation of the Constitution

13  or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

14  sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

15  move the court that imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C. § 2255.

16      In order to establish ineffective assistance of counsel, a petitioner must show that counsel's

17  representation fell below an objective standard of reasonableness and that the deficient performance

18  affected the result of the proceeding.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). There is a

19  strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

20  *Strickland*, 466 U.S. at 689.  In order to demonstrate prejudice, the defendant must show there is a

21  reasonable probability that but for counsel's unprofessional errors, the result would have been different.

22  *Strickland*, 466 U.S. at 694.

23      Petitioner also claims that newly discovered evidence entitles him to relief.  His argument appears

24  to be based upon a freestanding claim of actual innocence.  *See Carriger v. Stewart,* 132 F.3d 463, 476

25  (9th Cir.1997) (citing *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853 (1993)). The standard for

26  establishing such a claim on habeas review is extraordinarily high. *Id.* (quoting *Herrera,* 506 U.S. at 417).

27  To entitle him to relief on a freestanding actual innocence claim, petitioner must go beyond demonstrating

28  doubt about his guilt, and must affirmatively prove that he is probably innocent. *Id.*

ORDER
Page - 2

1

## MOTION FOR EVIDENTIARY HEARING

2      On August 23, 2006, petitioner filed a motion for an evidentiary hearing, contending that

3   declarations of petitioner and of co-defendant Sergio Munoz Munoz, which were submitted as appendices

4   fo the Section 2255 motion (Dkt. 1-2) make out prima facie evidence of newly discovered material

5   evidence and ineffective assistance of counsel, but that details relevant to these claims should be developed

6   through discovery and an evidentiary hearing.  Dkt. 6.

7      The government opposes the motion for evidentiary hearing, contending that (1) petitioner's newly

8   discovered evidence claim is unsustainable under Section 2255; and (2) petitioner's ineffective assistance of

9   counsel claim is without merit because petitioner has not made a required showing of actual prejudice.

10  Dkt. 12.

11      28 U.S.C. § 2255 requires an evidentiary hearing unless the "motion and the files and records of the

12  case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

13      The court has reviewed the record, including the declarations of petitioner and of Mr. Munoz

14  Munoz.  These declarations appear to raise issues of fact regarding petitioner's claims that should be

15  developed through an evidentiary hearing.  The motion and the files and records do not show conclusively

16  that petitioner is entitled to no relief.  Petitioner should be afforded the opportunity to develop the factual

17  basis for the claims at an evidentiary hearing.

18      Therefore, it is hereby

19      **ORDERED** that petitioner's motion for an evidentiary hearing (Dkt. 6) is **GRANTED**.  Not later

20  than November 10, 2006, the parties are **ORDERED** to file a joint status report.  The joint status report

21  will set forth a proposed prehearing schedule, including a discovery plan; dates for completion of

22  discovery, submission of briefing, and filing of motions; and the earliest date by which the parties can be

23  ready and available for the hearing.

24

25

26

27

28

ORDER
Page - 3

1         The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

2  party appearing *pro se* at said party's last known address.

3         DATED this 27th day of October, 2006.

4

5                          Robert J. Bryan

6                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4