UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODOLFO VELAZQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C06-5284RJB<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the court on the petitioner's Notice of Appeal. Dkt. 26. The court must consider whether to grant or deny the petitioner a Certificate of Appealability. *See* 28 U.S.C. 2253(c)(3). The court has reviewed the record herein.

PROCEDURAL HISTORY

On May 8, 2003, petitioner was convicted of one count of conspiracy to distribute methamphetamine and one count of possession of methamphetamine with intent to distribute. On December 12, 2003, petitioner was sentenced for the drug crimes at issue, and a related case in which he had entered a guilty plea to an indictment of illegally reentering the United States following deportation. During the sentencing hearing, petitioner was sentenced to a mandatory 240-month term of imprisonment on the drug charges and a concurrent 27-month term of imprisonment for the immigration charge.

Order- 1

Petitioner appealed his sentence as well as the terms of his supervised release. The Ninth Circuit remanded the case for resentencing, finding that there was no evidentiary basis on which to impose the special condition of his supervised release ordering him to abstain from the use of alcohol. In addition, the Court of Appeals remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220n (2005), since the mandatory sentencing guideline scheme under which he had been sentence had been ruled unconstitutional.

On December 9, 2005, petitioner was resentenced to the same sentence as had been previously imposed, with the exception that the condition requiring that he abstain from the use of alcohol was eliminated.

On May 24, 2006, petitioner filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner raised the following claims in his motion:

> Claim 1: Newly Discovered Evidence Demonstrates the [sic] Velazquez's Conviction was a Fundamental Miscarriage of Justice.
>
> Claim 2: Trial Counsel's Failure to Investigate the Availability and Call Sergio Munoz Munoz as a Witness Constituted Ineffective Assistance of Counsel.

Dkt. 1. Petitioner was represented by counsel in these proceedings.

On October 27, 2006, the court granted petitioner's motion for an evidentiary hearing. Dkt. 14. On February 23, 2007, following an evidentiary hearing, the court denied petitioner's Section 2255 motion. Dkt. 22. Judgment was entered on February 26, 2007. Dkt. 23.

On March 28, 2007, petitioner filed an appeal with the U.S. Court of Appeals for the Ninth Circuit. This court must determine whether to grant a Certificate of Appealability.

<u>STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY</u>

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should

Order- 2

1  have been resolved in a different manner or that the issues presented were adequate to deserve
2  encouragement to proceed further.  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting*
3  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).         When the court denies a claim on
4  procedural grounds, the petitioner must show that jurists of reason would find it debatable whether
5  the petition states a valid claim of the denial of a constitutional right and that jurists of reason would
6  find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*,
7  120 S.Ct. at 1604.

## DISCUSSION

The court granted an evidentiary hearing and issued an oral ruling on the merits of petitioner's claims.  The court concluded that the claims did not warrant relief under 42 U.S.C. § 2255.  Petitioner has not shown that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. The Certificate of Appealability should be denied.

Accordingly, it is hereby **ORDERED** that petitioner's motion for a Certificate of Appealability (Dkt. 26) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of May, 2007.

_____
ROBERT J. BRYAN
United States District Judge

Order- 3